wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FOC Financial Limited Partnership, | No. CV-08-0851-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| National City Commercial Capital Corporation, | |
| Defendant. | |

**Background**

On March 31, 2008, Plaintiff filed a Complaint in Arizona state court alleging breach of contract, unjust enrichment and conversion claims against Defendant (Doc. 1 Ex. 1). On May 5, 2008, Defendant removed the action to this Court, pursuant to the diversity jurisdiction and removal statutes (Doc. 1). On May 9, 2008, Defendant filed a Motion to Dismiss, which was denied on August 28, 2008 (Docs. 6, 18). Defendant then failed to timely answer the Complaint.

On January 14, 2009, Plaintiff submitted an application for default, which the Clerk entered, and filed a Motion for Default Judgment (Docs. 28-30). The following day Defendant answered the Complaint (Doc. 31). On January 19, 2009, Defendant moved to set aside default (Doc. 35). Before the Court are Plaintiff's Motion for Default Judgment and

Defendant's Motion to Set Aside Default. For the following reasons, Plaintiff's motion will be denied and Defendant's motion will be granted.

## Discussion

### A. Motion To Set Aside Default

Federal Rule of Civil Procedure 55(c) ("Rule 55") allows entry of default to be set aside "for good cause." What constitutes "good cause" is within the discretion of the trial court. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court."); Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (reviewing district court's set aside of default for abuse of discretion). The burden rests with the moving party. See Id. at 926.

The Ninth Circuit has identified three factors as important in a Rule 55(c) good-cause analysis: (1) the moving party's culpable conduct, (2) prejudice to the non-moving party and (3) the moving party's meritorious defenses. See Id. at 925-26; Alan Neuman Prod.'s, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Although the burden rests on the moving party, the factors are to be "liberally interpreted" in favor of setting aside default. Haw. Carpenters' Trust Funds, 794 F.2d at 513; Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hyrdrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (*per curiam*) ("philosophy of modern federal procedure favors trials on the merits") (quoting Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966)). A sufficient finding against the movant on any one factor negates good cause. See Franchise Holding II, LLC, 375 F.3d at 926 ("As these factors are disjunctive, the district court was free to deny the motion if any of the three factors was true.") (internal citation omitted).

**1. Culpable Conduct**

Only intentional conduct is sufficiently culpable to deny a motion to set aside default. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001) ("[W]e have typically held that a defendant's conduct was culpable for purposes of the [Rule 55(c) or 60(b)] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."), *overruled on other grounds*, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).  Defendant claims to have "inadvertently neglected to file an answer to the complaint in the wake of the Court's order denying Defendant's Motion to Dismiss" and argues its behavior, before and after entry of default, reflects good intentions, not bad faith (Doc. 35 at 2).  Plaintiff responds that Defendant's failure to answer is part of a broader effort to delay the proceedings and prevent an outcome on the merits (Doc. 39 at 5-6).  As evidence of dilatory motive, Plaintiff cites Defendant's 2007 decision to file a preemptive lawsuit in Ohio state court and subsequent decision to remove the current proceedings from Arizona state court.   The Court disagrees.

Defendant answered on the same day default was entered (Doc. 31).  Two court days later, Defendant filed the motion to set aside (Doc. 35).  Moreover, Defendant has fully participated in discovery, providing initial disclosures, expert witness disclosures, and all requested documents (Docs. 23, 32, 43).  Defendant also appears to have cooperated with Plaintiff in scheduling necessary depositions (Doc. 43).  This is not the behavior of a party engaging in, as Plaintiff argues, a "deliberate strategy to delay the proceedings as much as possible" (Doc. 39 at 5).  While the tactical decisions cited by Plaintiff may be indicative of Defendant's litigation strategy, this strategy is not on the face of the record  one of improper delay.

Citing Franchise, Plaintiff further argues Defendant's knowledge of the obligation to answer and subsequent failure to answer, without more, are sufficient to establish culpable conduct and deny Defendant's motion.  See 375 F.3d at 926 ("If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is

1  culpable.") (internal citation omitted). However, the Ninth Circuit in a subsequent *en banc*
2  decision squarely rejected a rigid rule that would prevent parties from correcting technical
3  mistakes, such as failing to file a timely answer, in favor of a more flexible analysis of
4  equitable considerations. See Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (*en*
5  *banc*) ("[T]he correct approach is to avoid any per se rule . . . erecting a rigid barrier against
6  late filings attributable in any degree to the movant's negligence. Instead, we leave the
7  weighing of . . . equitable factors to the discretion of the district court in every case.").[1] In
8  this way, Franchise, insofar as it creates a rule that would prevent a deserving party from
9  setting aside default, is inconsistent with Ninth Circuit policy. See e.g. E. & J. Gallo Winery
10 v. Cantine Rallo, S.P.A., 430 F. Supp. 2d 1064, 1086 (E.D. Cal. 2005) ("*Franchise Holding*
11 *II* . . . is an anomalous case that does not follow precedent and was not followed by a
12 subsequent en banc panel of the Ninth Circuit [Pincay]."); Quach v. Cross, 2004 WL
13 2862285, *6 n.7 (C.D. Cal. 2004) ("As *TCI* gives a thorough reasoned basis for its decision,
14 *Franchise Holding II* provides no analysis and fails to even mention *TCI*, and the Ninth
15 Circuit again broadly defined excusable neglect after *Franchise Holding II* [in Pincay], the
16 Court finds Franchise Holding II anomalous and unpersuasive.").

17       Thus, Defendant's failure to timely answer is neither culpable conduct nor a basis for
18 denying the motion to set aside default.

---

24 [1] Although Pincay concerned the "excusable neglect" standard and a failure to timely appeal, Pincay's holding applies to Rule 55(c)'s "good cause" standard and Plaintiff's failure to timely answer, as both analyses focus on how much discretion to grant a trial court in determining the culpability of a party seeking to correct a technical error. Furthermore, "good cause" is either equivalent to or less stringent than "excusable neglect." See TCI Group Life Ins. Plan, 244 F.3d at 696 (treating "good cause" and "excusable neglect" as functionally equivalent standards); Haw. Carpenters' Trust Funds, 794 F.2d at 513 (treating "good cause" as less stringent than "excusable neglect").

- 4 -

### 2. Prejudice

To prevent setting aside default, prejudice to a non-moving party "must result in greater harm than simply delaying resolution of the case[,] [r]ather, the standard is whether [the non-movant's] ability to pursue his claim will be hindered." TCI Group Life Ins. Plan, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id. Defendant argues its compliance with discovery obligations and attempts to quickly resolve procedural problems posed by the default, such as prompt filing of the answer, has established no prejudice to Plaintiff (Doc. 35 at 2, 4). Plaintiff responds "[i]f National City were to become bankrupt, insolvent o[r] taken over by the government, then FOC's ability to obtain essential documents and discovery will be hindered, delayed or prevented [and] . . . FOC would be delayed and hindered in its ability to collect a judgment" (Doc. 39 at 7). While arguably correct, it is irrelevant to the issue of prejudice because the default judgment has caused no delay and has not affected these proceedings other than forcing the parties to file additional briefs. Thus, Plaintiff's worst-case-scenario outcome is no more or less likely because of Defendant's default. Accordingly, Defendant's default has not caused Plaintiff sufficient prejudice to warrant denying the motion to set aside.

### 3. Meritorious Defense

The movant "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Haw. Carpenters' Trust Funds, 794 F.2d at 513. To satisfy the "some showing" standard, the movant must "present specific facts that would constitute a defense" TCI Group Life Ins. Plan, 244 F.3d at 700. Neither Defendant's motion nor reply contain "specific facts" pertinent to a meritorious defense, but rather summarily refer to arguments presented in the Motion to Dismiss and accompanying papers. Even if the vague reference to these papers satisfies the burden of "some showing" of "specific facts," the Motion to Dismiss papers only contain defenses to Plaintiff's breach of

1 2 3 4 5 contract claim and are void of legal arguments concerning the unjust enrichment and conversion claims (Docs. 6 at 2-4; 12 at 2-6).  Defendant failed to correct this deficiency even after it was highlighted by Plaintiff in the response.  Given Defendant's failure to properly argue meritorious defenses, as required by Rule 55(c),  the Court has discretion to deny Defendant's motion and enter default judgment.

6 7 8 9 10 11 12 13 14 15 However, the pleadings and Motion to Dismiss persuade the Court that Defendant has potentially meritorious defenses to the breach of contract claim and may also offer colorable defenses to the unjust enrichment and conversion claims.  Thus, neither the purpose of Rule 55(c) nor the interests of justice would be served by denying Defendant's motion and entering default judgment.  See  Haw. Carpenters' Trust Funds, 794 F.2d at 513 ("The underlying concern, however, is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."); Nilsson, et al., 854 F.2d at 1546 ("philosophy of modern federal procedure favors trials on the merits") (internal citation omitted).

16 17 18 19 20 21 22 23 24 25 26 It is also noted that Defendant's failure to timely answer was a technical error with little bearing on the disposition of the case.  Defendant promptly responded to service of process by filing a notice of removal and Motion to Dismiss and the failure to answer was not noticed by both the Court and Plaintiff's competent counsel for five months during which time the proceedings continued as if an answer had been filed (Docs. 1, 6, 28).  The Court agrees with Defendant that Plaintiff's five-month silence and litigation-as-usual conduct effectively waived any right to entry of default judgment.  See e.g. Ciccarello v. Joseph Schlitz Brewing Co., 1 F.R.D. 491, 493 (S.D. W. Va. 1940) (plaintiff's conduct may constitute "waiver of any right to a default judgment"); La. Farmers Protective Union v. Great Atl. & Pac. Tea Co. of Am., Inc., 83 F. Supp. 646, 656 (E.D. Ark. 1949) (plaintiff's delay in seeking default constituted effective waiver).

27 28 Accordingly,

- 6 -

**IT IS ORDERED** Plaintiff's Motion For Default Judgment (Doc. 29) **IS DENIED**.

**FURTHER ORDERED** Defendant's Motion To Set Aside Default (Doc. 35) **IS GRANTED**.

DATED this 14th day of April, 2009.

_____
Roslyn O. Silver
United States District Judge